Taylor, Judge,
 

 The requisites to the light execution of a will, are,
 
 that the testator must be sane,
 
 and under no restraint or improper influence ; that hr must sign it; that it must be witnessed in his presence by two witnesses. There is a sound distinction between an honest, and an unfair exertion of influence. Should a brother or sister, for instance, with whom the testator had been at varlence, represent to him the facts which had ltd to it, in such a way as to convince him that his displeasure was groundless, and bv these means he should alter his former pur- and make a will in her favor, or in favor of her children, to the prejudice of legatees provided lor bv a former wi’l, that would not be cause for invalidating the latt< r. The jury will judge whether anv influence has been used on the occasion of making this will; whetht r it was by fair and reasonable tnt ans, or by unfair anti fraudulent ones, and decide accordingly. As to the point of execution, the two witnesses must each depose to the
 
 signing
 
 as well as to every other material fa> ;. But die
 
 signing
 
 may be
 
 *233
 
 proved, from the witness having seen it
 
 written
 
 by the testator, or from having heard him
 
 acknowledge
 
 it. It is not necessary, if he acknowledge the signing, that the
 
 none,
 
 or signature, or
 
 hand
 
 writing, should be before him at the time ; if the paper lie at a distance on the table, and he acknowledge the signing without seeingit, it is sufficient. It is admitted, and so the law is, that the attestation of the witness es may be at different times, so it b© in the presence of the testator.
 

 Verdict for the will.
 

 Note. — -In the case of Ellis and Smith, 1 Veáey, jun. 11, de-ckled in 1754, Parker, Chief Baron, Willes, Chief Justice, and Hardwick, Lord Chancellor, all agreed that if it were
 
 res
 
 integra, and a construction for the first time to be made, they should not be of opinion that the acknowledgment of the name and signature or hand writing was equivalent to signing; nor that an attestation of witnesses at different times was good. And indeed a will may be easily substituted, if it be sufficient for him to say, that paper lying on the table is my will $ but thb cannot happen if the will be signed by him in the presence of three, and they,
 
 simul et simid,
 
 attest it in his presence. Nor can the witnesses impose a new will upon him if they all subscribe in his presence, together, the paper he signs in their presence. Would it not be better, as we are now putting a construction upon the act of 1784, ch. 22, sec. 11, to avoid the evils which these Judges discover in the British decisions, and which themselves would not make were the interpretation of the act now left to them. I much doubt whether even the British decisions, saying an
 
 acknowledgment
 
 is equivalent to
 
 signing
 
 go so far as to hold an acknowledgment good, which refers only to the paper lying at a distance. I think they will be found to be admissions of the signature whilst the testator is looking upon it, else how easy is it to get his acknowledgment of a paper which he in fact never signed ?
 

 The cases upon this point are, 3 Lev. 1 Skinner 227. Com. 197. 2 P. W. 510. Carth. 35. 3 P. W. 254. 2 Vezey 454.
 
 1
 
 Eq. Ca. Ab. 403. Doug. 229. 1 Wils. 313.